MF:TS:WG
F.#2002R00305

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

SALVATORE PALMIERI and
ANTHONY MANISCALCO,

    Defendants.

- - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 371,
844(i), 844(n),
924(c)(1)(A),
924(c)(1)(B)(ii),
924(n), 1512(b)(2)(A),
1512(b)(3), 2 and
3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE
(Arson)

1. On or about December 22, 2001, within the Eastern District of New York, the defendants SALVATORE PALMIERI and ANTHONY MANISCALCO, together with others, did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a building and other real and personal property used in an activity which affected interstate commerce, to wit: the store known as "My Deli and Grocery" located at 200 Rhine Avenue, Staten Island, New York.

(Title 18, United States Code, Sections 844(i), 2 and 3551 et seq.)

## COUNT TWO
(Arson Conspiracy)

2. On or about and between December 20, 2001 and December 22, 2001, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SALVATORE PALMIERI and ANTHONY MANISCALCO, together with others, knowingly, intentionally and maliciously conspired to damage and destroy, by means of fire and an explosive, a building and other real and personal property used in an activity which affected interstate commerce, to wit: the store known as "My Deli and Grocery" located at 200 Rhine Avenue, Staten Island, New York, in violation of Title 18, United States Code, Section 844(i).

(Title 18, United States Code, Sections 844(n) and 3551 et seq.)

## COUNT THREE
(Possession and Use of a Destructive Device During a Crime of Violence)

3. On or about December 22, 2001, within the Eastern District of New York, the defendants SALVATORE PALMIERI and ANTHONY MANISCALCO, together with others, did knowingly and intentionally use and carry a firearm, to wit: a destructive device, during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

COUNT FOUR
(Conspiracy to Possess, Carry and Use a
Destructive Device During a Crime of Violence)

4.  On or about December 22, 2001, within the Eastern District of New York, the defendants SALVATORE PALMIERI and ANTHONY MANISCALCO, together with others, knowingly and intentionally conspired to use and carry a firearm, to wit: a destructive device, during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Two, and to possess a firearm in furtherance of such crimes of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A).

(Title 18, United States Code, Sections 924(n) and 3551 et seq.)

COUNT FIVE
(Conspiracy to Obstruct Justice)

5.  On or about and between and September 1, 2003 and the date of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALVATORE PALMIEIRI, together with others, knowingly and intentionally conspired to (a) corruptly persuade one or more other persons, to wit: John Does #1 and #2 and Jane Does #1 and #2, individuals whose identities are known to the grand jury, with intent to hinder, delay and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense, to wit: arson, in violation of Title 18, United States Code, Section 1512(b)(3); and (b) corruptly persuade one or more other persons, to wit: John Doe

#2 and Jane Doe #2, with intent to influence the testimony of such persons in an official proceeding, to wit: a federal grand jury investigation, and to cause and induce such persons to withhold testimony from such official proceeding, in violation of Title 18, United States Code, Sections 1512(b)(1) and 1512(b)(2)(A).

6. In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York and elsewhere, the defendant SALVATORE PALMIERI, together with others, did commit and cause to be committed, among others, the following:

### OVERT ACTS

a. On or about October 7, 2003, during a telephone call, SALVATORE PALMIERI directed John Doe #1 not to speak with law enforcement agents.

b. On or about October 9, 2003, during a telephone call, SALVATORE PALMIERI directed Jane Doe #1 not to speak with law enforcement agents.

c. On or about October 9, 2003, during a telephone call, SALVATORE PALMIEIRI spoke to another person about John Doe #2's statements to law enforcement agents.

d. On or about December 16, 2003, during a telephone call, SALVATORE PALMIERI directed another person to tell John Doe #1 to remain silent if questioned by law enforcement agents.

e. On or about December 16, 2003, during a telephone call, SALVATORE PALMIERI suggested to Jane Doe #1, a subpoenaed grand jury witness, that she could "disappear" to avoid appearing before the grand jury because "they ain't going to find you."

f. On or about December 31, 2003, during a telephone call, SALVATORE PALMIERI directed another person to tell John Doe #1 to keep his "mouth shut."

g. On or about February 19, 2004, during a telephone call, SALVATORE PALMIERI suggested to Jane Doe #2, a subpoenaed grand jury witness, that she say "I don't remember anything ... I don't know anything ... I'm a sick lady" when called to testify before the grand jury.

h. On or about February 19, 2004, during a telephone call, SALVATORE PALMIERI suggested to Jane Doe #2, a subpoenaed grand jury witness, that when called to testify before the grand jury, she should assert a Fifth Amendment privilege and decline to testify.

i. On or about February 28, 2004, during a telephone call, SALVATORE PALMIERI confirmed with another person that Jane Doe #1 had "accomplished what she was supposed to do" before the grand jury, which was "... to just keep her mouth shut and walk away from it."

j. On or about February 28, 2004, during a telephone call, SALVATORE PALMIERI agreed with another person that if John Does #1 and #2 and Jane Does #1 and #2 "just do what they are supposed to do and keep their mouths shut everything will be alright."

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Attempted Obstruction of Justice)

7. On or about and between October 9, 2004 and the date of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALVATORE PALMIERI, together with others, did knowingly and intentionally attempt to corruptly persuade a person, to wit: Jane Doe #1, with intent to influence the testimony of such person in an official proceeding, to wit: a federal grand jury investigation, with intent to cause and induce such person to withhold testimony from such official proceeding.

(Title 18, United States Code, Sections 1512(b)(2)(A), 2 and 3551 et seq.)

## COUNT SEVEN
(Attempted Obstruction of Justice)

8. On or about and between February 19, 2004 and the date of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere,

6

the defendant SALVATORE PALMIERI, together with others, did knowingly and intentionally attempt to corruptly persuade a person, to wit: Jane Doe #2, with intent to influence the testimony of such person in an official proceeding, to wit: a federal grand jury investigation, with intent to cause and induce such person to withhold testimony from such official proceeding.

(Title 18, United States Code, Sections 1512(b)(2)(A), 2 and 3551 et seq.)

### COUNT EIGHT
(Attempted Obstruction of Justice)

9. On or about and between October 1, 2004 and the date of this indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SALVATORE PALMIERI, together with others, did knowingly and intentionally attempt to corruptly persuade another, to wit: John Doe #1, with intent to hinder, delay and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense, to wit: arson.

(Title 18, United States Code, Sections 1512(b)(3), 2 and 3551 et seq.)

### ADDITIONAL ALLEGATION AS TO COUNTS ONE AND TWO

10. The allegations contained in Counts One and Two are realleged and incorporated as if fully set forth in this paragraph, and the additional allegation below is incorporated by reference

7

into Counts One and Two.

11. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants, and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendants in concert with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

    a. The offense created a substantial risk of death and serious bodily injury to a person other than a participant in the offense, and that risk was created knowingly (U.S.S.G. § 2K1.4(a)(1)).

### ADDITIONAL ALLEGATIONS AS TO COUNT THREE

12. The allegations contained in Count Three are realleged and incorporated as if fully set forth in this paragraph, and the additional allegations below are incorporated by reference into Count Three.

13. Based on (a) acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, and willfully caused by the defendants, and (b) all reasonably foreseeable acts and omissions of others in furtherance of a criminal plan, scheme, endeavor, and enterprise undertaken by the defendants in concert

with others; all of which occurred during the commission of the offense of conviction, in preparation for that offense, and in the course of attempting to avoid detection and responsibility for that offense, the following conduct occurred (U.S.S.G. § 1B1.3(a)(1)):

    a.   The offense involved a destructive device (U.S.S.G. § 2K2.1(b)(3)).

    b.   The defendants used and possessed a firearm in connection with another felony offense (U.S.S.G. § 2K2.1(b)(5)).

### ADDITIONAL ALLEGATION AS TO COUNTS ONE THROUGH THREE

14.   The allegations contained in Counts One through Three are realleged and incorporated as if fully set forth in this paragraph, and the additional allegation below is incorporated by reference into Counts One through Three.

15.   The defendant SALVATORE PALMIERI willfully obstructed and impeded, and attempted to obstruct and impede, the administration of justice during the course of the investigation and prosecution of Counts One through Three, which obstructive conduct related to Counts One through Three and to conduct referred

to in paragraphs 4 through 8 above, and to any closely related offenses (U.S.S.G. § 3C1.1).

A TRUE BILL

_____
FOREPERSON

_____
ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

10